The next case for oral argument this morning is Appeal No. 25-1469, United States v. Power. Good morning, Mr. Patton. You're on mute. Your Honors, Rule 11 puts requirements on the district court when accepting guilty pleas. And one of those requirements is that the district court, not defense counsel, not the defendant, ensure that there's a factual basis to support each plea of guilty. Now, in this case, the district judge did what, in my experience, district judges pretty much always do, is ask the prosecutor to provide a factual basis for the plea by explaining what their evidence would be on each count if the case went to trial. Which, of course, makes sense because the judges don't have that much familiarity with the facts of each case. And the prosecutors do. But here, the government failed to provide an adequate factual basis for Mr. Power's pleas to counts 1, 4, 23, and 25-29. And while the district court did a little bit of follow-up on a couple of those counts, it did not do any follow-up on a couple of the counts, that follow-up did not establish a factual basis for those pleas. Mr. Patton, let me just get right to the end here. Where should we look to in this record to find a reasonable probability that your client would not have entered into a guilty plea to these counts, assuming there was an error? Okay. Assuming there is an error, which we think there was in the Rule 11 proceedings, then what I think you can look at in the case, especially if you look at count 1, Your Honor, which is an exploitation count, right, that carries 15-30, is that all of the government said was that on July 3rd, Mr. Power convinced the minor victim 1 to share an image of him exposing his penis. Well, that's simply receipt of child pornography, but in count 6, which is receipt of child pornography on the exact same date with the exact same minor, Mr. Power already pled guilty to that count. So count 1, if the factual basis is simply that Mr. Power convinced minor victim 1 to send an image, and that's what the factual basis was that the government gave. They said that Mr. Powers used Snapchat to send multiple images of child pornography in order to induce minor victim 1 to send nude images. Well, that conduct is already covered in count 6. So what? Like, connect the dots for me. I mean, connect the dots for me. That happens all the time. I mean, there's overlapping, there's overlapping in all kinds of cases, there's overlapping conduct that constitutes multiple counts or multiple violations, and defendants plead guilty to multiple charges every day. But, Your Honor, not when the government's evidence shows that the government couldn't prove one of the charges. So is the argument then, I guess, doesn't that conflate the two requirements? So if we find that there's error, in other words, that the government doesn't have sufficient facts to meet the offense, then we should automatically conclude that the defendant would not have pled guilty to that count? I don't think it has to be automatic, Your Honor. It can't be automatic because that's not the case. Right. Because we're under plain error review, so obviously it's not automatic. But what the standard is is that you have to show a reasonable probability that he would not have pled guilty. It's just a reasonable probability, right? We don't have to prove by a preponderance of the evidence or beyond a reasonable doubt that he wouldn't have pled guilty. But I'm looking for anything at all in the record that would show me that reasonable probability that does not conflate the plain error steps. Anything. Well, sure, Your Honor. He was reluctant to plead guilty to count one, or he expressed some doubt as to count one. Anything. I don't see anything like that here.  Well, he expressed confusion and no knowledge as to which numbered victims were which kids he knew in the real world, right? And we pointed that out in our brief when the judge was talking with him about one of the counts where she said, you knew this victim, and he's like, I probably did, but their number, my victim number, I don't know who is who, right? So what I'm suggesting to you is the defendant does not have to have somewhere on the record said, I just want to let everybody know that if there's not a factual basis for any of these pleas, I wouldn't be pleading guilty. No, but there has to be some indication. As Judge Kirsch pointed out, it can't just be, well, I'm challenging the factual basis for this, and therefore there's a reasonable probability that I wouldn't have pled guilty, especially here where the guideline provision wouldn't have changed. And although the statutory max would have changed, you're going from 720 years to 560 years. So not a change that really makes a difference. You're still looking at an excessively long or extremely long sentence. Well, if it doesn't make a difference, then there shouldn't be any problem in vacating the pleas. But I would suggest that an extra 180 years of statutory maximum does make a difference, and there is a reason the government decided to try and break this down into 34 counts. It might in some cases, but how does it make a difference in a case where it's 560 years still? It's essentially life. You'd have a much stronger argument if without these counts the maximum sentence was 20 years versus 180 additional years on top. But we're looking at 560 years versus 720 years. Well, but, Your Honor, that argument then establishes that it's never possible to show the pleading guilty to an offense where there's no factual basis to support that plea. It could never be error because you'd say, well, the government charged enough counts, and you pled guilty to enough counts to get the combined statutory maximums beyond your life expectancy. Therefore, it would be impossible to ever show error. I don't think now alone is enough, but if you had some fact indicating that he showed some hesitation. In fact, his sentencing argument here was all about how he was accepting responsibility, trying to get a lower sentence. Sure, he's accepting responsibility, but for the offenses that he actually committed. And I would submit the district court had a hard time keeping track of all of the counts just because of the sheer number of them. And so for a lay person like Mr. Power, who is told, listen to what the government has to say. And again, Rule 11 puts the duties on the district court to ensure that there's this factual basis. And that is a duty that our argument is the government, excuse me, the district court fell short on because the government gave insufficient factual basis. Now, I understand then under plain error, we still have to show that he wouldn't have pled guilty. But under your honor's argument, you wouldn't even be able to show harmless error. The government would win all the time as long as there were enough surviving other counts. Mr. Patton, does your client understand that if he does prevail here, he could on resentence get a higher sentence? Sure. But what does he care? He's not going to live out the current sentence that he has. So we don't know that. Well, your honor, he's you know, as we point out in our brief, there is well documented that people that are incarcerated for long periods of time live shorter lives than the non incarcerated. And he just so know that the prospect of getting more time is, you know, when you're resigned to dying in prison, doesn't that risk doesn't bother him. Mr. Patton, can I go back please to what we can look at in the record to determine if there's a sufficient factual basis. You've relied on our 1978 opinion in Wetterlin to say we can only look at what was before the district court during the plea colloquy. But we have a lot of subsequent cases, the Neal case, the Murtakovic case, the Davey case, the Thompson case that have said in determining whether or not there's a factual basis. You can look at all the facts in the record, including the plea colloquy, the PSR, other factors. How do you get around that case law? A couple of things. I just want to clarify that for Rule 11 purposes, when you're trying to decide, was there a sufficient basis to support the plea? What you can look at is what the district judge specifically says they are relying on to find a factual basis. And that is a combination of Rule 11B's requirement that there be a factual basis and Rule 11G that all the findings have to be made on the record. So it depends on what the district court says they are relying on. You can look at, in deciding whether or not there was a Rule 11 error, you can look at everything the district judge explicitly on the record said they are relying on to find a factual basis for the plea. Now Wetterlin, my position is Wetterlin is a published opinion of this court. No, this court has never, on an en banc case or in a case circulated under Rule 41E, vacated Wetterlin's specific holding that the court must make a finding that a plea is supported by a factual basis before accepting the plea. Now, a lot of subsequent cases, as your Honor says, have language. And I would submit that some of that language is a little bit imprecise because, as we admit, when you're doing the plain error analysis, you can look at everything in the record. Okay? You're not limited to what was the judge explicitly found they were relying on under Rule 11. When you're doing the harmless error analysis, if it's harmless error instead of plain error, then you might be able to look at a little more than what the judge said. So I think it's important to keep those two things distinct about what you can look at to decide whether or not there was, in fact, a Rule 11 error for not finding a sufficient basis to support the factual basis to support the plea versus the then subsequent decision. And certainly on plain error, you can look at everything in the record. Although I will point out that for Count 4, the government wants to rely on the criminal complaint, but the criminal complaint was signed by the magistrate judge. There's no evidence that the district judge actually reviewed the criminal complaint. In fact, at the beginning of the sentencing hearing, Judge Lawless listed the things she had reviewed, and it's on page 3 of the sentencing hearing transcript, which is docket entry 70. She listed the material she had reviewed, did not include the criminal complaint. There was no preliminary hearing on the criminal complaint, so there has been no opportunity for Mr. Power to contest the information in the criminal complaint. So I would submit that that can't be considered. I would like to reserve the rest of my time to rebuttal. Certainly. Thank you, Mr. Patton. Mr. Canestra. May it please the court. Good morning, Your Honors. Jeff Canestra on behalf of the United States. The defendant can't overcome any of the four elements of plain error review on his challenge to the factual basis for a subset of his counts of conviction, and he can't overcome the nearly irrebuttable presumption of reasonableness that applies to his sentence. Beginning with the defendant's challenge to the factual basis, as Your Honors' questions have perhaps implied, I think the third and fourth elements of plain error review are probably the easiest route to resolving this case, because the defendant has made very little attempt to overcome the third element and literally no attempt to overcome the fourth element. But beginning on the first two, Judge Staney, to your question about the scope of the record, this court's precedent establishes in an unbroken line of precedent over the last three decades that this court and the district court are not limited to the transcript of the colloquy itself, but can consider the entire record, including other materials like the pre-sentence report, even when they post the plea colloquy that follows both from the text of the rule and from the procedural posture here. What about, as Mr. Patton pointed out, the complaint that you're relying on for count four? I have not seen any case law suggesting we can rely on the complaint, which Mr. Power has not had the opportunity to challenge in any way. I think the case law saying we can look at the full record, including the PSR, what the defendant said, allows us to do that because the defendant has had the opportunity to be heard on that. What about the complaint? Yes, so a couple of things about that. This court has often said the courts can may consider anything in the record. Other times it's added a caveat that it can consider things at least that the defendant hasn't objected to, and I think the reason for that is because if the defendant has objected to something, then it starts to look more like an offered plea instead of just a straight up guilty plea, which has its own consequences. But the question, I think the procedural posture is very important here because the reason we're here on plain error review of the defendant's challenge to the factual basis is that to preserve this claim, he was required to, but he did not, file a motion to withdraw his guilty plea before sentencing. And so the question before this court on plain error review is, had the defendant filed that motion to withdraw his guilty plea, is it clear or obvious that the district court would have been required to grant it? And answering that question, this court can consider all the same materials that would have been available to the district court in resolving that question, which would include not only the plea colloquy, the pre-sentence report, which the district court adopted without objection, but also the complaint, which was part of the record. And the defendant, I mean, the aspects of the complaint that are relevant here are simply quotes from the defendant's own conversations from his phone. The defendant has never suggested that there was any reason to call that into question. In fact, it's perfectly consistent with the government's statements at the plea colloquy. I think his argument is the exact opposite. Those portions of the complaint, they aren't reflected in the government's factual basis during the hearing, and they didn't make it into the PSR either. So even if you follow the more recent cases and look at the PSR, for example, the complaint, what's in the complaint was not in the PSR. So it wasn't in the pre-sentence report. The point I was trying to make there is just the defendant has offered, even on appeal, no reason for calling into question the accuracy of the material To get into the substance of the first two steps of plain error review, though, the plea colloquy is more than adequate. It's the counts one and four, which deal with minor victim one. Both of those counts involve the defendant giving specific directions to the minor about exactly what images he wants to see, what sexual conduct he wants the victim to engage in. And the victim then sent images corresponding with those same requests. So the defendant's argument on appeal relies entirely on the completely unsupported speculation that perhaps this minor victim had previously taken images, saved them on his phone, they just happened to coincide with the very specific request that the defendant made, and that when the defendant asked the victim to do these things and take these pictures, he only sent these pre-existing images. That simply has no basis in the record and certainly can't overcome plain error review. If we want to talk specifically about count four, the victim there sent a picture to the defendant and asked for one in return. The defendant directed then, he said he would if the victim would engage in a very particular sexual activity. The victim then sent an image that's consistent with him engaging in that sexual activity. That's all based on the government's statements during the plea colloquy on page 21, provides an ample factual basis for that particular count. As for the remaining counts which concern the lascivious extradition of the genitals, as to counts 22 and 23, they dealt with minor victim 10. The government explained during the plea colloquy itself that there were two images. As to the first one, the government said that it depicted the minor victim exposing his erect penis, and as to the second, the government said it again showed the victim exposing his penis. Now the government didn't reiterate the term erect the second time, which makes I think the sexually explicit nature of the picture undisputable, but it's implied by context and certainly confirmed by the percentage report, which confirms that that's certainly the nature of that image. As to counts 25 through 29 then, these images involved a nude 16 or 17-year-old who was exposing her bare vagina, and that's not all we know about this image. We also know that the defendant in fact used the images to elicit a sexual response from the recipients to whom he sent them, which supports a very common sense inference that these in fact are images that would tend to elicit a sexual response in the viewer, which meets the definition of a lascivious exhibition of the genitals. Does the statutory definition of child pornography involve kind of effect on the recipient, envelop that kind of definition, or is it just limited to sexually explicit conduct as defined by a lascivious exposure of the genitalia? Yeah, so of course there are multiple different ways you can get sexually explicit conduct under the definition. The one that we're concerned with here is a lascivious exhibition of the genitals, and this court has a number of cases that go through what makes an exhibition of the genitals lascivious. This court has described it in a number of ways that are essentially synonymous, an image that would tend to elicit a sexual response in the viewer. And so the way that the defendant used the images here is circumstantial evidence, not direct description of the image, but circumstantial image of what is depicted in the image. Sorry, circumstantial evidence of what's depicted in the image and what the image portrays, and the fact that the defendant used this image to elicit a sexual response in the viewer supports an inference that this is in fact an image that would tend to elicit a sexual response in the viewer, which matches the definition that this court has given for lascivious. Do we have a case like that that takes it out of the mere nudity is not good enough or doesn't count and puts it where you put it, but it's mere nudity that is intended to produce this response in the viewer? So our argument here isn't that this is mere nudity but has a particular purpose. It's that the way in which the defendant used this informs the nature of the image, what is actually depicted in the image. This doesn't depict mere nudity. It depicts a 16- or 17-year-old exposing her vagina in a particular way, and that is what makes it lascivious. It's not just that this image is mere nudity but the defendant used it in a particular way. So the way the defendant used it is evidence of what is depicted in this particular image. I don't really understand the difference between what you just said. So I guess we're not starting from the premise that this is mere nudity. The fact that this, in fact, depicts a minor's exposed vagina is a starting point that shows that it is an exhibition of the genitals. That's relevant to the inquiry as to whether it's lascivious or not because this court has said that a lascivious exhibition of the genitals is one that is a nature that is intended to or that would elicit a sexual response in the viewer but not one that has an ascertainably distinct purpose like a picture of a young child in a bathtub or something like that. But, of course, the government isn't limited to direct evidence or verbal descriptions of what's actually in the picture to establish why what's in the picture is itself a lascivious exhibition of the genitals. Here, the way in which the defendant used it is circumstantial evidence of what's in the picture and the nature of that depiction in the picture. And so the fact that the defendant used this to elicit a sexual response in the viewer shows that this, in fact, what's depicted in this image itself is not mere nudity but is an image that would tend to elicit a sexual response in the viewer. Unless there are any further questions on the factual basis, I think the third and fourth elements here are really insuperable obstacles for the defendant. He's offered no reason to believe that he had anything to gain by going to trial or that he would have taken that huge risk by accepting all the loss that he could have if he had proceeded to trial. Mr. Kinstra, do you think we need to formally overrule Wetterlein to be in line with our other case law? I think this court's case law is already well established. I think Wetterlein has already been abrogated. It's a product of its times. It came before the 1983 amendments to the rules, which added Rule 11H, clarifying that variances from Rule 11's requirements are subject to a substantial rights inquiry. So before then, courts viewed any variance from Rule 11's requirements as per se reversible error on appeal. So courts, perhaps understandably, were quite rigid in demanding that the transcript of the plea colloquy itself demonstrate compliance with every one of Rule 11's requirements in order to make sure that that's been established. That, I think, has gone by the wayside after 1983. And Wetterlein's focus throughout the decision is really on making sure that the record shows what the district court relied on, which is understandable. But here, of course, we're on plain error review. And so the lack of a finding by the district court is really inherent in the procedural posture we're in. The question is, if the defendant had done what was necessary to preserve his claim, would the district court have had to grant that motion? The fact that we don't have findings on a motion to withdraw the guilty plea does not mean that there is an error. It simply means that the defendant has forfeited his claim by not filing that motion. So I think at best there's some tension. I think Wetterlein's focus is not really the same focus that this court's later case law has addressed. Since the defendant has raised it in this case, I think it would be appropriate for the court to note that Wetterlein, that that 1978 decision is not controlling over the unbroken line of case law from the circuit over the last 30 years. As to the third element of plain error review, again, it's the defendant's burden. As Your Honor's questions have recognized, he faced the— regardless, he would have been facing sentencing on dozens of counts of conviction for all the same offenses. He would have the same guidelines range of life, the same mandatory minimum sentence. At best, the difference would increase the statutory maximum sentence from 560 years to 740 years. But even on appeal, the defendant scoffs at the idea that there's anything different between a sentence of even 60 or 100 years and 740. So the idea that he would have weighed the difference between 560 years and 740 years as material at the plea stage, I think, is unsupported. The defendant on appeal here today is arguing only as to count one, trying to equate that with count six, that because he pleaded guilty to count six, he wouldn't have pleaded guilty to count one. But those are two different images. They're charged as occurring on the same date, but the defendant caused the victim to send, by my count, eight different images on that date. The first one gave rise to receipt because the defendant just said something like, send, without prompting the victim to engage in particular types of conduct or to produce the image at that time. All the rest of the image after that came in response to the defendant demanding that the victim send fresh images, that he engage in particular conduct and send particular depictions of that conduct. So counts one and six do not overlap. They occurred on the same date, but it's not the same conduct. So a guilty plea to count six doesn't mean that the defendant would not have pleaded guilty to count one. Of course, as your honors have also recognized, the defendant had much to lose by going to trial. It would have jeopardized any claim of acceptance of responsibility, which is something he argued at sentencing. And he's not showing that he had any particular likelihood of success at trial. His argument on appeal is really aimed at critiquing the plea colloquy itself, the limitations of verbal descriptions of images. But at trial, of course, the government would present the images themselves to the jury. The jury would look at those images, and the defendant has offered no reason to believe he really wanted to ask a jury if an image of a 14-year-old boy exposing his erect penis constitutes sexually explicit conduct. Likewise for the image of the 16- or 17-year-old girl, particularly under the circumstances in which the defendant used those images. And as to counts one and four, the government would have called minor victim one. He would have testified. And the defendant offers no reason to believe that he really wanted to cross-examine this child victim on the circumstances in which he created those images. That would have been, I think, hugely detrimental to any argument at sentencing, would not have been successful. And even if he were successful at trial, he would have nothing to show for it, no gain in terms of his sentence. This is kind of a broader question, but is there a way for the government to argue reasonable probability that a defendant would have pleaded guilty without guessing the mental state of the defendant or their approach to these things? It seems like there's always a bunch of guessing about what seems sensible from the government's perspective about what a defendant was thinking when really you don't know. Well, I mean, our argument is always going to be based on whatever the record shows, and this court's inquiry likewise. So this court has found that defendants have satisfied the third element of plain error view when a factual basis of an absent. Gallaudet is an example, I believe, where the counted issue actually increased both the statutory minimum sentence and the guidelines range. The defendant received the statutory minimum sentence, which made it clear that it affected his sentence, which is a very easy way to show that that would have affected his willingness to plead guilty. There's another case in which it was a factual basis involving child pornography, where I think it was controlled by the Howard decision, where this court found that the circumstances showed a reasonable likelihood that the defendant would not have pleaded guilty under the circumstances. So it's not a bar that defendants never meet. It's just that the record in this case leaves the defendant far short of that bar. And your answer to my question is it's the cases where the government can just point to the numbers. The numbers don't make sense, and so that's the way of proving that. That's certainly a relevant consideration. Here, of course, it's the defendant's burden, so responding to the arguments that the defendant has made. When the defendant can show an effect on the numbers, that strengthens the defendant's hand. But, of course, it's always a fact-specific case-by-case analysis. Unless Your Honors have any further questions, we ask this court to affirm. Thank you, Mr. Kinster. Mr. Patton. Your Honors, my experience is defendants don't want to plead guilty to something that they didn't do. And the point of the factual basis requirement is to make sure that even though a defendant may be acting voluntarily and may be saying, I engaged in particular conduct, it's to protect them from saying, hey, yeah, I get that you're admitting that you engaged in that conduct. That conduct doesn't violate this statute, and that's the problem here. And so for account four, you know, the government's factual basis doesn't cut it. The defendant, the government didn't, or excuse me, the district court didn't cover it at all. And the idea that because we haven't somehow on appeal tried to challenge the contents of the criminal complaint, that means they can consider the complaint. Well, how in the world are we supposed to contest that on appeal? This is a court of review, not a court of first review. So that information was never there. And if Your Honors are willing to look at the complaint in its paragraph 37 of the complaint, the images the minor sent, at least as described in the complaint, do not match with what Mr. Power was asking for. He was asking to send videos. He did not, the minor did not send any videos. Mr. Power asked to take a video of you ejaculating. He didn't do that. None of those images that were sent match what Mr. Powers was asking for, contrary to the government's position. And finally, whether an image is a lascivious display of the genitalia, this court has said repeatedly, is a highly factual question. The government did not provide, and the PSR does not provide information to make that determination. So we'd ask that you violate the convictions on counts 1, 4, 23, 25, and 29, or alternatively find that the sentence was unreasonably long. Thank you, Mr. Patton. Thank you, Mr. Kinstrad. The court will take the case under advisement.